[849 NYS2d 652]

In the Matter of DANIEL CURTIN (Admitted as DANIEL F. CUR-
TIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR
THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 22, 2008

## APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Moran & Karamouzis LLP,* Rockville Centre (*Grace D. Moran* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated November 8, 2006, and an amended petition dated November 15, 2006, containing two charges of professional misconduct. After a prehearing conference on January 4, 2007, and a hearing on January 12, 2007, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the court deems just and proper. The respondent's counsel has submitted an affirmation in response in which it is urged that the Special Referee's report be confirmed with respect to the facts of the respondent's conviction of a federal misdemeanor and that appropriate weight be given to the mitigation advanced.

Charge one of the amended verified petition, dated November 15, 2006, alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3), in that he was convicted of a serious crime within the meaning of Judiciary Law § 90 (2) and (4).

On November 9, 2005, the respondent entered a plea of guilty to the crime of prohibition against kickbacks and unearned fees, in violation of 12 USC § 2607 (b), a misdemeanor, before the Honorable George A. Yanthis in the United States District Court for the Southern District of New York. The sentence imposed on April 11, 2006, consisted of a fine of $1,000 and an assessment fee of $25.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3), in that he was convicted of a serious crime within the meaning of Judiciary Law § 90 (2) and (4), based on the factual specifications contained in charge one.

Inasmuch as the underlying facts are essentially undisputed, the Special Referee properly sustained both charges. The Griev-

ance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent maintains that even though he was convicted of a misdemeanor for violating 12 USC § 2607 (b), his conduct was inadvertent and his actions did not adversely reflect on his honesty, trustworthiness, or fitness as a lawyer. The respondent asks that his good works over a 40-year career be balanced against his aberrant misjudgment which gave rise to his misdemeanor conviction. The respondent maintains that his fitness as a lawyer is amply demonstrated by his service to his clients, his profession, and his community. Organizations that he has served include the Area Fund of Dutchess County, a multimillion dollar fund which provides money to charities on an annual basis. Educational institutions which have benefitted from the respondent's volunteer work include Dutchess Community College, Marist College, and the Culinary Institute of America. The respondent's charitable works include service to the Bethel Missionary Baptist Church in Wappingers Falls and the Family Counseling Service. In addition, he has served the legal profession through pro bono lectures to senior citizen groups as well as lecturing in continuing legal education programs.

The Grievance Committee reports that the respondent has no prior disciplinary history.

Notwithstanding the mitigation offered, it is uncontested that the respondent voluntarily pleaded guilty to violating 12 USC § 2607 (b) and, in his allocution, acknowledged that from February 2001 through February 2004 he received regular payments from his partner, Gerard Hankin, through Crystal Clear Abstract, the title agency owned by Hankin, and several related entities which provided real estate settlement services. Although the respondent received approximately $18,000 from these entities, he provided no service in connection with the receipt of those funds.

Significantly, the respondent's misconduct involved only the enhanced compensation he received from the owner of the title agency. None of his clients was impacted. Accordingly, the respondent requests dismissal or the imposition of a private censure.

Notwithstanding the respondent's attempts to minimize his misconduct, he has been convicted of a serious crime within the meaning of the Judiciary Law. The United States Attorney

described him, during the sentencing minutes, as the least culpable of the five individuals who were either the subjects of charges or guilty pleas in its investigation.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., CRANE, RIVERA, SPOLZINO and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.